

Signed and Filed: March 22, 2022

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case |
| | ) No. 21-30592-DM |
| PSG MORTGAGE LENDING CORP., | ) |
| A DELAWARE CORPORATION, | ) Chapter 11 |
| | ) |
| Debtor. | ) |
| | ) |
| _____ | ) |
| | ) |
| LUKE BRUGNARA, | ) Adversary Case No. 21-03065-DM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL GREENFIELD, CHL, DAKOTA | ) |
| LP, DEVITO, GALINDO DONATI, | ) |
| FUSCO, PSG CAPITAL, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**MEMORANDUM DECISION ON MOTION TO REMAND AND
MOTION FOR SUMMARY JUDGMENT**

**I.    Background Facts**

The real property located at 224 Sea Cliff Avenue in San
Francisco (the "Sea Cliff Property") that lies at the heart of

-1-

this adversary proceeding and underlying bankruptcy has also been at the heart of multiple prior bankruptcies and adversary proceedings. This history cannot be ignored as the court considers movant Luke Brugnara's Motion to Remand ("Remand Motion") (Dkt. 15) the adversary proceeding back to state court and Defendant Paul Greenfield's Motion for Summary Judgment ("MSJ") (Dkt. 8), joined by non-party and Debtor PSG Mortgage Lending Corp. (Dkt. 22) and Defendant Dakota Note, LLC (misnamed as Dakota LP (Dkt. 36).

On May 22, 2017, Debtor Brugnara Properties IV ("BPVI") filed its most recent chapter 11 bankruptcy, Case No. 17-30501-DM. At the time of the BPVI bankruptcy, Kay Brugnara served as the president of BPVI and her husband Luke Brugnara[1], the previous president of BPVI, was incarcerated but still somewhat active in the case. The case was eventually converted to a chapter 7 liquidation. BPVI's main asset was the Sea Cliff Property. Multiple adversary proceedings were commenced during the bankruptcy, including *Brugnara Properties VI v. PSG Capital Partners, Philip Fusco, and John DeVito*, AP No. 17-03048-DM (the "PSG AP"); *Brugnara Properties VI v. Dakota Note, LLC, Arick D Amspacker, Paul Greenfield, and California Home Loans* AP No. 17-03049-DM (the "Dakota Note AP"); and *Brugnara Properties VI v. Internal Revenue Service and California Franchise Tax Board*, AP No. 17-03071-DM (the "Tax AP").

---

[1] The Court hereinafter references Luke Brugnara and Kay Brugnara by first name to differentiate between the parties. No disrespect is intended.

-2-

The Tax AP culminated in a Judgment (Tax AP Dkt. 101) that found that BPVI is the nominee of both Luke and Kay, and BPVI is liable for the tax liabilities of the two Brugnaras that were recorded against the Sea Cliff Property. The court further found that BPVI is the alter ego of both Luke and Kay and thus liable for their individual state and federal tax liabilities.

The PSG AP culminated in an Order Authorizing Compromise of Controversy (BPVI bankruptcy Dkt. 329) between the chapter 7 Trustee, who had at that point stepped into the shoes of BPVI as the Plaintiff, and the Defendants. The underlying Motion to Compromise Controversy ("Compromise") (BPVI Dkt. 297) was heavily contested by BPVI and Kay. As the Compromise summarizes, BPVI asserted a claim of breach of contract against PSG Capital Partners, Inc. (PSG Capital), which held a secured lien against the Sea Cliff Property, for allegedly failing to fully fund a loan, and asserted a claim of intentional misrepresentation against all Defendants for essentially tricking BPVI into taking a loan secured by the Sea Cliff Property that was more expensive than intended. The Trustee did not believe there was a probability of success in prosecuting the lawsuit for a variety of reasons, and thus found it prudent to accept a $20,000 payment from the Defendants in exchange for dismissing the adversary proceeding with prejudice.

The Dakota Note AP culminated in an Order Authorizing Compromise of Controversy (BPVI Dkt. 283) between the chapter 7 Trustee, who had at that point stepped in the shoes of BPVI as the Plaintiff, and the Defendants. This Compromise was not opposed by any party. As the Trustee summarized, the underlying

-3-

Dakota Note AP consisted of claims of breach of contract, intentional misrepresentation, unfair business practices, and loss of business opportunity against the Defendants all of whom were creditors (or principals of creditors) with security interests against the Sea Cliff Property. Each claim relates to a loan made by Defendant Dakota Note LLC to BPVI that was secured by the Sea Cliff Property. The Trustee did not believe there was any probability of success in prosecuting the lawsuit and accepted a $25,000 payment and $25,000 advance from the Defendants in exchange for dismissing the case with prejudice.

Upon the resolution of these adversary proceedings the automatic stay in the BPVI case was lifted for these former Defendants and still-secured creditors to foreclose on the Sea Cliff Property. At various points in the BPVI bankruptcy and the adversary proceedings, Kay took alternating positions on whether she or Luke personally had any ownership interest in the Sea Cliff Property. The IRS also at one point took a position that Luke held an "equitable ownership" interest in the Sea Cliff Property by virtue of the nominee liens discussed above (BPVI Dkt. 410). The concept was a novel one created by the IRS, and the court declined to endorse the concept (BPVI Dkt. 439).

The BPVI bankruptcy is still open and pending in this court.

On August 13, 2020, PSG Capital foreclosed on the Sea Cliff Property, and shortly thereafter transferred title to PSG Mortgage Lending Corp. ("Debtor"), the Debtor in this underlying bankruptcy. On September 29, 2020, Luke commenced a lawsuit

−4−

against "Paul Greenfield, CHL, Dakota LP, PSG Capital, Fusco, DeVito, Galindo Donati" in San Francisco Superior Court ("Complaint"). The Complaint alleges (1) fraud; (2) unfair business practices; (3) unconscionable loans and (4) usury as to loans made to "[Luke's] family" and secured by the Sea Cliff Property. The Complaint also claims Luke is the "equitable title owner" of the Sea Cliff Property and "President and sole officer of Brugnara Properties VI." The Complaint also seeks quiet title to the Sea Cliff Property in Luke's name.

On August 15, 2021, Debtor commenced this bankruptcy. A new automatic stay went into effect and controls in this case notwithstanding the termination of the automatic stay in the BPVI case. On December 3, 2021, Debtor removed Luke's Complaint to this court. Luke filed the Remand Motion seeking to return his lawsuit to the state court, claiming that the lawsuit concerns solely state matters unrelated to the Debtor.

Prior to Luke filing the Remand Motion, Defendant Paul Greenfield filed a Motion for Summary Judgment ("MSJ"), seeking summary judgment in his favor as to the entirety of the Complaint based on res judicata, as all issues detailed in the Complaint were previously adjudicated by settlement agreements in the BPVI bankruptcy. Defendant Dakota Note, LLC and Debtor, who is notably not a defendant, joined the MSJ.

At a hearing on the two motions held on February 25, 2022, Luke mentioned an amended complaint that cured any defects of pleading. No amended complaint has been filed with this court or the San Francisco Superior Court. At that hearing and in other pleadings Luke also re-characterized his Complaint and

-5-

alluded to other causes of action not listed in the Complaint, such as "theft of credit." This court shall only examine and rule on the causes of action listed in the Complaint currently before it, and no other hypothetical amended complaint or cause of action will be considered.

## II. Remand

Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground. 28 U.S.C. § 1452(b). In the Ninth Circuit, questions of remand are more accurately considered under a discretionary abstention analysis. *See In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166-68 (9th Cir. 1990). In *Tucson*, the Ninth Circuit laid out twelve factors a bankruptcy court should consider in deciding whether to exercise discretionary abstention (and thus remand) under 28 U.S.C. § 1334(c)(1):

> (1) the effect or lack thereof on the efficient administration of the estate if the court abstains or remands the AP,
> (2) the extent to which state law issues predominate over bankruptcy issues,
> (3) the difficulty or unsettled nature of the applicable law,
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
> (7) the substance rather than form of an asserted 'core' proceeding,
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
> (9) the burden of [the bankruptcy court's] docket,

-6-

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
(11) the existence of a right to a jury trial, and
(12) the presence in the proceeding of nondebtor parties.

*Id.* at 1167.  As to all claims excluding claims to quiet title, the factors weigh against abstention.

Bankruptcy courts have sole jurisdiction to determine manners concerning property of the bankruptcy estate. 11 U.S.C. § 541.  See, also, 28 U.S.C. § 1334(a).  The Sea Cliff Property is undoubtedly property of the bankruptcy estate. Debtor currently holds title to the Sea Cliff Property.  Any determination that title should be quieted to Luke, must be made by this court.

As to the remainder of the Complaint, each cause of action, and each Defendant, has been adjudicated by this court in the BPVI bankruptcy and the adversary proceedings discussed above. Though Luke now positions himself as the plaintiff and equitable owner of the Sea Cliff Property in the Complaint, the loans described in the Complaint are those that were made to BPVI and the court previously determined unequivocally in the BPVI bankruptcy that no equitable ownership of the Sea Cliff Property existed.  Abstention would create inefficiencies in the administration of this current underlying bankruptcy, the still-pending BPVI bankruptcy, and the state court.  The law applicable to the Complaint is well settled.  The Complaint is deeply interrelated with both the underlying bankruptcy and the BPVI bankruptcy.  It is not feasible or sensible for this court to parse the Complaint and send some pieces back to a state

-7-

court, which would then only be forced to interpret this court's prior orders. Most importantly, the filing of the Complaint by Luke, and not the removal by the Debtor, appears to be a case of forum shopping—another bite at an apple for a litigant who was unhappy with the outcomes of the adversary proceedings in the BPVI bankruptcy. This is not acceptable.

As almost every factor weighs against abstention, the court shall exercise its discretion by retaining the matter for resolution and DENY the Remand Motion.

### III. **Summary Judgment**

On a motion for summary judgment, the court must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact as to any claim, part of claim, defense, or part of defense. *Simo v. Union of Needletrades, Indus. & Textile Employees,* 322 F.3d 602, 609-10 (9th Cir. 2003); Fed. R. Civ. P. 56. Summary judgment against a party is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Under the doctrine of res judicata, claims that were raised or could have been raised in a prior proceeding may not be raised in a subsequent proceeding. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The application of res judicata requires (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the

–8–

parties." *Id.* (quoting *Western Radio Serv. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)).

Here, each claim in Luke's Complaint, though (possibly intentionally) poorly articulated, is identical to the claims brought by BPVI in the PSG AP and the Dakota Note AP. The Dakota Note AP alleged breach of contract, intentional misrepresentation, and unfair business practices related to alleged intentional failure to fully fund a loan, resulting in BPVI being forced into taking a loan from PSG Capital at an incredibly high interest rate. The Dakota Note AP likewise alleged that these acts were the result of a scheme to force BPVI into foreclosure. (Dakota Note AP Dkt. 9) The Complaint's counts of fraud, intentional misrepresentation, and unfair business practices likewise relate to a scheme by the Dakota Note AP Defendants to enter into a loan that Defendants failed to fund, which forced "Luke's family" (as opposed to BPVI) into a loan with PSG Capital at an incredibly high interest rate, all with the intent to force a foreclosure.

The PSG AP alleged breach of contract and intentional misrepresentation related to alleged trickery which forced BPVI into a loan which was illegal due to its very high interest rate, which was much more expensive than anticipated. (PSG AP Dkt. 1). The Complaint's counts of unconscionable loans and usury are directly related to the alleged scheme to force Luke (as opposed to BPVI) into a loan which was illegal due to its very high interest rate, which was much more expensive than anticipated. In this instance, the claim of intentional

-9-

misrepresentation in the PSG AP, and the claim of usury in the Complaint, are identical and would have sought identical relief.

The stipulated dismissal with prejudice as to each adversary proceeding constitutes a final judgment on the merits for res judicata purposes, especially when the same court adjudicates both the previous and current claims. *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047 (9th Cir. 2005).

Finally, there is privity between the parties to the Complaint and the parties to the prior adversary proceedings. Privity is a flexible concept in which a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted). Luke claims an equitable ownership interest to the Sea Cliff Property, to which legal ownership interest was previously held by BPVI. This court declined to extend the novel concept of "equitable ownership interest" initially raised by the IRS in the BPVI bankruptcy to say that the Sea Cliff Property was not property of the estate. Luke apparently has seen fit to use the IRS-created concept to create new standing for himself in the state court. For now, however, as the alter ego to BPVI, a former president of BPVI, and apparently a current president of BPVI, there is sufficient identity of interest between Luke and BPVI to bind Luke to the prior dismissals.

There is also identity between the Defendants in the prior adversary proceedings and the Defendants named in the Complaint. It is apparent to the court that the parties "DeVito," "Fusco,"

Case: 21-03065   Doc# 47   Filed: 03/22/22   Entered: 03/23/22 11:03:19   Page 10 of 12

and "PSG Capital" named in the Complaint are John DeVito, Philip Fusco, and PSG Capital Partners, Defendants in the PSG AP.  It is also apparent that the parties "Dakota LP," "Paul Greenfield," and "CHL" named in the complaint are Dakota Note, LLC, Paul Greenfield, and California Home Loans, Defendants in the Dakota Note AP.  While "Galindo Donati" has no corresponding party in either previous AP, it does not appear that he was ever served with the Complaint.

## IV. Conclusion

For the reasons set forth above, the Remand Motion is DENIED. The MSJ is GRANTED in favor of Defendants Paul Greenfield, Dakota Note, LLC, John DeVito, Philip Fusco, PSG Capital Partners, and California Home Loans.  To the extent the Complaint was not served on a Defendant who is not entitled to summary judgment, the Complaint is DISMISSED.  Orders reflecting the court's judgments will be filed concurrently with this Memorandum Decision.

*** END OF MEMORANDUM DECISION ***

<u>COURT SERVICE LIST</u>

Luke Brugnara
c/o Law Offices of Robert Kane
870 Market Street, Suite #1128
San Francisco, CA 94102

Paul Greenfield
2597 Flagstone Dr.
San Jose, CA 95132